## McClellan, etc., v. Bowser et ux.

*B. F. Warfel*, for plaintiff.

*J. M. Snyder*, for defendants.

PATTERSON, P. J., August 18, 1936.—This is a petition to vacate a decree of court amending the description of real estate in mechanic's lien to no. 4585, mechanic's lien docket.

Harry F. Bowser and wife became vested with the title to the land in question by deed of James Harker and wife dated August 20, 1927, duly recorded on June 27, 1929, in Deed Book vol. 383, page 243. The land was described as "All that certain lot of ground in the Township of Freedom", etc. Later, Bowser and wife erected on the said premises a one-and-a-half-story frame dwelling house with concrete blocks extending up to the framework of the said house, said blocks having been furnished by the plaintiff.

On October 2, 1930, Bowser and wife executed a certain mortgage to Harry S. Mattern in the sum of $2,000, the same being recorded on October 3, 1930, in Mortgage Book vol. 315, page 235. The proceeds of the said mortgage were used in providing labor and materials for the construction of said dwelling house, and all liens and other claims for said building were fully paid except a balance due the plaintiff for cement blocks, amounting to $133.38, for which sum a mechanic's lien was filed by the plaintiff on October 27, 1930, to no. 4585 in the Court of Common Pleas of Blair County. Proof of service of notice on the defendant was filed on November 5, 1930.

The land described in the lien was identical with the description contained in the deed to Bowser as well as the mortgage from Bowser to Mattern, except the property was designated as "lying and being in the Township of Blair, County of Blair, and State of Pennsylvania".

On September 3, 1932, an amicable action of sci. fa. and confession of judgment upon the mechanic's lien was executed by the plaintiff and H. F. Bowser and Grace M. Bowser, his wife, to no. 588, June term, 1932, for the said debt and interest, making a total of $148.72.

On April 16, 1934, the plaintiff presented his petition, setting forth that the land in question had been inadvertently described as being situate in the "Township of Blair" instead of in the "Township of Freedom", and praying that the description be amended so as to read "Freedom" township instead of "Blair", which amendment was allowed by the court. On May 28, 1934, Harry F. Bowser and Grace M. Bowser, defendants, and Harry S. Mattern, mortgagee, joined in presenting a petition praying that the decree dated April 16, 1934, amending the description, be vacated, and on September 22, 1934, the plaintiff filed an answer to said petition. The question arising is whether or not the amendment was proper.

The Mechanics' Lien Law of June 4, 1901, P. L. 431, 454, sec. 51, provides as follows:

"Any claim . . . may be amended from time to time . . . Such amendment shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim . . . but the description of the property . . . may be amended so as to be made more accurate, as in other cases of amendment."

It is contended on the part of the petitioners that the amendment allowed in the present case substituted a different property than that described in the mechanic's lien, and in support of this contention Tressler v. Rozner et al., 5 Westm. 168 (1916), is cited, which holds that a mechanic's claim describing the property as "1307 on the North Side of McKee Avenue" may not be amended by substituting a description in the claim for "lot No. 1305 . . . McKee Avenue", in the same borough. And further

cases were cited, holding that an amendment should not be allowed substituting a description of a property located at a place entirely different from that mentioned in the claim, when asked for more than a year after the right of lien had expired. These cases, however, do not apply to the present case for the reason that a different property is not substituted for the one described. In fact, the testimony contained in the depositions shows that the line dividing Freedom Township from Blair Township passes through the lot described, and while objection was made to the competency of the testimony on this question we believe that the witnesses, one of whom had formerly owned the premises in question and both of whom had resided in the immediate vicinity thereof for more than 25 years and were personally familiar with the reputed township line, were sufficiently competent to establish the fact that this property was unquestionably close to the township line or divided by it. The description of the land and the house were accurate except that the location was either in Freedom Township or in Freedom and Blair Townships.

In any event, there were no intervening rights or intervening creditors affected by the amendment, and the record shows that the judgment on the sci. fa. sur mechanic's lien was entered upon the confession of H. F. Bowser and Grace M. Bowser, over their signatures and under seal, and in our judgment they are now estopped from denying the force, validity and effect of said judgment by relying upon an inaccurate description contained in the mechanic's lien. The plaintiff furnished the materials for the construction of the house and enhanced the value thereof to the benefit of the said Bowser and wife as well as the mortgagee. The mortgagee cannot complain. Nothing has occurred to change his status. His mortgage was recorded on October 3, 1930, and the lien was entered on October 27, 1930, or within a period of six months after the completion of the building. The mortgagee and Bowser would probably never have discovered

any error in the description had it not been for the petition of the plaintiff to make the correction. Strangers to these transactions, such as intervening creditors, might have cause to complain, but the petitioners here are not in any position to complain of being prejudiced. Their rights and the status quo remain unaffected by the amendment, and the rule to vacate the decree allowing the amendment should be discharged.

### Decree

Now, August 18, 1936, it is ordered, adjudged and decreed that the rule awarded to show cause why the decree allowing an amendment to the description contained in the mechanic's lien to no. 4585 should not be vacated be hereby discharged.

From Robert W. Smith, Hollidaysburg.